BRECKENRIDGE HOTEL CO. v. J. M. RADFORD GROCERY CO.

No. 733.

Court of Civil Appeals of Texas. Eastland.

Feb. 6, 1931.

For former opinion, see 33 S.W.(2d) 1074.

T. B. Ridgell, of Breckenridge, for appellant.

W. E. Lessing, of Abilene, for appellee.

LESLIE, J.

■■ On rehearing the appellant earnestly insists that article 5936, §§ 63 and 64, Vernon's Ann. Civ. St., and the opinion in Waters v. Atlanta Nat. Bank (Tex. Civ. App.) 261 S. W. 153, require the holding in this case that appellee was not entitled to recover. In the case cited the court held that the appellant, Waters, was shown by the note itself to have been an indorser, and that therefore the judgment against him was erroneous, since he had never been served with notice of the maker's default. The only way that the decision could furnish any analogy supporting the appellant's contention in this case would be for the word "indorser" to be synonymous with "accommodation indorser."

That, of course, could not be. The note in the instant suit does not show that the appellant was simply an accommodation indorser. The presumption supplied by the statute (Rev. St. 1925, art. 5933, § 24), as pointed out in our original opinion, to the effect that appellant was an indorser for value, excludes any presumption that it was an accommodation indorser. If, therefore, the law be as contended by appellant that a corporation has no authority to become an accommodation indorser, a question unnecessary for us to here decide, it is wholly immaterial in this case. A corporation engaged in the hotel business may, under some circumstances, become liable as an indorser, and is presumed to have done so in the absence of pleadings and evidence to the contrary.

The motion for rehearing is overruled.