## VOLLMER et al. v. ROSCOE et ux.
### No. 11687.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 5, 1947.

Rehearing Denied in Part and Granted in
Part March 19, 1947.

Palmer & Lemons, of Corpus Christi, and Alfred M. Scott, of Austin, for appellants.

William H. Shireman, of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted in the 117th District Court of Nueces County, by J. Roscoe and wife, B. W. Roscoe, against H. R. Giles, E. B. Jackson and wife, Edith Jackson, Willyn Vollmer Carnahan and husband, John N. Carnahan, J. D. Vollmer, individually and as independent executor of the estate of W. J. Vollmer, deceased, and John B. Harney, Sheriff of Nueces County, Texas, seeking a temporary and on final hearing a permanent injunction, against

any levy or sale under any execution issued by reason of a certain judgment rendered in the 45th District Court of Bexar County, Texas.

After a hearing a temporary injunction was issued out of the 117th District Court of Nueces County, enjoining the Sheriff of Nueces County and others from making any levy or sale under an execution issued upon the judgment rendered in the 45th District Court of Bexar County.

From the order granting the temporary injunction, J. D. Vollmer, acting individually and as independent executor of the estate of W. J. Vollmer, deceased, Willyn Vollmer Carnahan and her husband, John N. Carnahan, have prosecuted this appeal.

The facts are: On or about February 6, 1928, J. Roscoe and wife, B. W. Roscoe, joined by E. B. Jackson and wife, Edith Jackson, conveyed by warranty deed, to H. R. Giles, a house and lot situated in Nueces County, described as Lot 12 in Block 18 of the Del Mar Addition to the City of Corpus Christi; that as a part of the consideration for such conveyance H. R. Giles assumed and agreed to pay a certain promissory note executed by J. Roscoe, Mrs. B. W. Roscoe, E. B. Jackson and Edith Jackson to B. F. Dittmar Company, which note was in the principal sum of $4,550.

None of the obligors on said note made payment at maturity and W. J. Vollmer, the then owner and holder of said note, instituted suit in the 45th District Court of Bexar County, and secured a judgment against H. R. Giles and all the signers of said note, in the sum of $5,306, together with interest. The holder of the judgment received a payment on June 6, 1933, of $3,362, as a result of execution and order of sale, and on April 5, 1938, the sum of $1,062.43, as a result of the levy of an alias execution, and the further sum of $1,000 paid by H. R. Giles on July 15, 1946, and thus there was due on September 15, 1946, the sum of $2,734.28.

W. J. Vollmer died on July 29, 1940, and the present owners and holders of the judgment are the appellants herein.

At the time H. R. Giles paid the sum of $1,000 upon said judgment appellants executed a release in full to him from any further liability, but expressly reserved the right to proceed against the other defendants in that judgment.

It is the contention of the appellees that when H. R. Giles assumed the payment of the note he thereby became the principal obligor, and the original signers of the note became bound only as sureties, and when the holders of the judgment released Giles they thereby, as a matter of law, released them. We cannot agree with this contention. The Roscoes and the Jacksons were the original signers of the note and therefore primarily liable for its payment. So far as the holder of the note is concerned, they were primarily liable and they could not relieve themselves from this liability, by merely entering into a contract with H. R. Giles whereby Giles assumed the payment of the note. In Tenison v. Knapp, Tex.Civ.App., 64 S.W.2d 1071-1073, Chief Justice Fly, in passing upon the contention here made, had the following to say: "There is no merit in the contention that the Tenisons were converted from principals into sureties by their transfer to Wait, and Wait's to Morgan, and Morgan's to Donna Motor Company. It would be a remarkable piece of prestidigitation for a contract to be converted by the principal debtor in it into a case of suretyship on the part of that principal debtor, by his transfer of the contract to some one else who assumed payment of it. The mere statement of the proposition answers it effectively, and the second assignment of error and the proposition thereunder are overruled."

However, be that as it may, it was a matter over which the 45th District Court of Bexar County had exclusive jurisdiction. The question of suretyship could have been raised and adjudicated on the original trial in the 45th District Court, and if appellees had been successful in such contention the judgment could have provided that H. R. Giles was primarily liable and appellees were only secondarily liable, but we find no such provision in the judgment. It is simply a joint and several judgment against all defendants. Appellees are not now entitled to have a different court hear and determine an issue which could have been

properly determined at the original trial. Tarlton v. Orr, 40 Tex.Civ.App. 410, 90 S.W. 534; McNeese v. First National Bank of Waco, Tex.Civ.App., 183 S.W. 1184.

Art. 4656, Vernon's Ann.Civ.Stats., provides, among other things, that "Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered."

Art. 4643, Vernon's Ann.Civ.Stats., provides when and under what circumstances a nonresident judge 'may issue an injunction, none of which circumstances are shown to exist herein.

In Guaranty Building & Loan Co. v. Brazil, Tex.Civ.App., 141 S.W.2d 694, 695, the court said:

"It follows that the temporary injunction granted by the district court of Cherokee County was improper for the reason that that court was without jurisdiction to act therein because the district court of Galveston County had previously acquired full jurisdiction over the subject matter of the suit filed in Cherokee County and that this jurisdiction will continue until the orders of the Galveston Court are fully complied with. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

"Said temporary injunction was further improper for the reason that, although it involved the subject matter of a suit in which a judgment had been entered by the district court of Galveston County and sought to enjoin the execution of an order entered by that court, it was made returnable to the district court of Cherokee County in violation of Article 4656, Revised Civil Statutes."

Since the Judge of the 117th Judicial District was without statutory authority to issue a temporary writ of injunction, as well as without authority to make the same returnable to his court, the judgment of the trial court is reversed and the temporary injunction is dissolved, and the trial court is ordered to dismiss plaintiffs' petition. All costs, including those in the lower court and on appeal, will be adjudged against the appellees, J. Roscoe and Mrs. B. W. Roscoe, and the sureties on their injunction bond, as

is provided by Art. 4659, Vernon's Ann.Civ. Stats.

On Motion for Rehearing.

Appellees have called to our attention that in their original petition they had an alternative cause of action against the defendant H. R. Giles, seeking a declaratory judgment determining the status and rights of appellees as against defendant H. R. Giles, in the event they are made to pay the balance due upon the judgment of appellants. On the original hearing we overlooked this alternative cause of action, and therefore went too far in our judgment.

The judgment of this Court heretofore entered herein on February 5, 1947, will be set aside and it is now the order of this Court that the judgment of the trial court be reversed and the temporary injunction is dissolved and the trial court is ordered to dismiss appellees' petition in so far as it seeks relief against appellants. All costs, including those in the lower court and on appeal, will be adjudged against the appellees, J. Roscoe and Mrs. B. W. Roscoe, and the sureties on their injunction bond, as is provided by Rule 448, Texas Rules of Civil Procedure.

Appellees' motion for a rehearing will be granted in part, as above indicated, and in all other respects it is overruled.