**Bob White JACKSON, Appellant,**

v.

**The HANOVER INSURANCE COMPANY, Appellee.**

**No. 4346.**

Court of Civil Appeals of Texas.

Waco.

April 1, 1965.

Rehearing Denied April 22, 1965.

Harold Klein, Houston, for appellant.

Bryan & Patton, Chilton Bryan and Julietta Jarvis, Houston, for appellee.

WILSON, Justice.

Summary judgment was rendered on the motion of the workmen's compensation insurance carrier that the injured employee-claimant take nothing. We affirm.

The grounds of the motion were that claimant had elected to pursue his common law remedy against a negligent third person, having reduced his claim for personal injuries to final judgment, and was thus precluded from recovery of workmen's compensation. Claimant's answer was that he had proceeded in the common law action for damages under a subrogation agreement with the carrier, in which his rights under the Workmen's Compensation Act were preserved.

The carrier filed affidavits which asserted the form for the subrogation agreement was submitted for signature to claimant's attorney by an independent claims agent; that claimant and his attorney were told it was necessary that the written form of agreement be submitted to and approved by the carrier; that after claimant and his attorney signed it, the document was sent for signature to the carrier by the independent claims agent who was handling the claim for appellant, and who had prepared the form; that the agreement was signed by the carrier and returned to the independent claims agent with instructions it was not to be delivered to claimant unless additional stipulations concerning attorneys' fees and expenses were agreed to by the latter; that claimant would not agree to these and other added provisions, and the agreement was, therefore, not delivered.

Claimant did not controvert these statements in the carrier's affidavits, but filed his own affidavit stating that the agreement form and a letter from the claims agent made it apparent delivery was not necessary before the agreement became effective, and that he had no notice the carrier was denying existence of the agreement until after the final decision of the Industrial Accident Board. The letter referred to told claimant's attorney the claims agent would "send it to the company and request that a signed copy be returned to you." It is not suggested that a copy signed by the carrier was ever returned to claimant.

It is undisputed the minds of the parties never met; the requisite assent was never given; there was no acceptance. The record establishes without dispute there was no contract. 1 Williston, Contracts (Jaeger 1957) Secs. 77, 88.

Appellant challenges appellee's affidavits under Rule 166–A(e) Texas Rules of Civil Procedure, because they do not recite they were made on personal knowledge, and for failure to have attached sworn or certified copies of every document referred to in the affidavits. There was no exception or objection to the affidavits presented in the trial court, and under the record these objections may not be first raised on appeal. Youngstown Sheet & Tube Co. v. Penn, Tex.Sup., 363 S.W.2d 230, 234. Affirmed.