Jerry E. CAPPS, Appellant,

v.

Jimmy N. HUFF, Appellee.

No. 4213.

Court of Civil Appeals of Texas.

Eastland.

March 22, 1968.

Waldie, McDowell & Colvin, Ronald R. Waldie, Dallas, for appellant.

C. A. Droby, Dallas, for appellee.

COLLINGS, Justice.

Jimmy N. Huff brought suit against Jerry E. Capps seeking to recover judgment for the balance due on a promissory note executed by defendant and payable to plaintiff in monthly installments. Defendant answered by a general denial and allegations of a new agreement between the parties for novation whereby defendant was released as a primary obligor on the note. The case was tried before the court without a jury and judgment was rendered in favor of plaintiff for the balance due on the note in the amount of $2,295.64, for $229.56 attorney's fees and for interest from the date of the judgment. Capps has appealed.

Appellant Capps presents points contending that the court erred in entering judgment for appellee because there was a subsequent agreement between the parties which constituted a novation releasing appellant from primary liability on the note and because such judgment was against the great weight and preponderance of the evidence. These points are overruled.

The note sued upon was executed by appellant and delivered to appellee as consideration for a beer lounge in Dallas. Appellant sold the lounge to one Gordon E. Pyle, who assumed the remaining indebtedness, operated the lounge for a time and made installment payments thereon until he defaulted and ceased making further payments. Under these circumstances appellee had the right to continue to treat appellant, the maker of the note, as a principal obligor thereon. 9 Tex.Jur.2d 144; Continental State Bank of Beckville v. Trabue, 150 S.W. 209 (Tex.Civ.App., 1912, error ref.) It is true as contended that the note contained a provision that appellant,

the maker, had "the right to transfer this note to any buyer he might sell to". This provision of the note however did not give appellant the right to thereby avoid primary liability thereon.

◼ Appellant's contention concerning a subsequent agreement, which he contends constitutes a novation in effect releasing him from primary liability on the note is likewise not borne out by the evidence. The only witnesses in the case were appellant and appellee. It is questionable whether the testimony of appellant, standing alone, was sufficient as a matter of law to show a novation. Assuming that it was sufficient appellant was still an interested witness and his testimony at most would only raise an issue of fact and would not be conclusive. Appellee's testimony is directly contrary to that of appellant and is to the effect that there was no subsequent agreement between the parties creating a novation. The court heard the evidence and in support of the judgment rendered it must be assumed that the court decided against appellant on the issue of fact presented. An examination of the record as a whole shows that the judgment is not against the great weight and preponderance of the evidence.

◼ We also overrule appellant's third point contending that the court erred in entering judgment against appellant for attorney's fees for the asserted reason that there was no showing that such attorney's fees were reasonable and necessary. The note provided that if default was made in payment thereof and it was placed in the hands of an attorney for collection or if suit was brought thereon that an additional amount of ten percent on the principal and interest then due should be added. There is no pleading or proof by appellant that the stipulated amount of attorney's fees is unreasonable. In this state of the record appellee was entitled to recover such attorney's fees. 9 Tex.Jur.2d 295, 296; First National Bank v. Robinson, 104 Tex. 166, 135 S.W. 372 (1911).

The judgment is affirmed.