**INTERNATIONAL SHELTERS, INC.,**
**Appellant,**

**v.**

**CORPUS CHRISTI STATE NATIONAL BANK, Appellee.**

**No. 664.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 30, 1971.

Schenk & Wesbrooks, Milton E. Douglass, Jr., Wichita Falls, for appellant.

Kleberg, Mobley, Lockett & Weil, Henry Nuss, III, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit on a promissory note. On August 13, 1970, International Shelters, Inc., as maker, executed a promissory note to Corpus Christi State National Bank, as payee, in the original sum of $282,819.64, due ninety days after date, with interest thereon as therein specified.

The note was not paid at maturity. Suit was instituted and the bank filed a motion for summary judgment, which was granted by the trial court. Under the judgment entered, Corpus Christi State National Bank (hereinafter called appellee) recovered of International Shelters, Inc. (hereinafter called appellant) the sum of $331,884.05, plus interest as therein provided. Appellant has timely perfected its appeal to this Court. We affirm.

The note obligated appellant to pay "fifteen per cent additional on full amount due if placed in the hands of an attorney for collection or if suit is brought on same". Appellee in its petition alleged that the note was past due and unpaid; that the amount then due thereon was $288,590.05, exclusive of attorney's fees; that it had placed said note in the hands of its attorneys for collection; that it had agreed to pay them the 15% attorney's fees stipulat-

ed in the note; and, that the attorney's fees amounted to $43,288.51 and were reasonable. A photographic copy of the note, alleged to be a true copy thereof, was attached to the petition, marked Exhibit "A" and incorporated by reference in appellee's pleading for all purposes.

Appellant's answer consisted of a general denial only. It did not file any special exceptions to appellee's pleadings nor did it plead any affirmative defenses to the action filed by appellee.

Appellee supported its motion for summary judgment with two affidavits of William C. Clark, a Vice President of appellee bank. Appellant filed three affidavits in opposition to appellee's motion for judgment, two of which were executed by attorneys and the other was executed by Ruble Langston, President of appellant corporation. Mr. Clark, in his first affidavit, certified that the promissory note attached to appellee's petition as Exhibit "A" "to be a true and correct copy of the original note". He stated therein that appellee had agreed to pay its attorneys the attorney's fees stated in its pleading and that such fees are reasonable under all the circumstances. Appellant countered with affidavits by Mr. Joe E. Shaddock and by Mr. H. Dustin Fillmore, each a practicing attorney in this State, wherein each affiant stated that upon a suit on a promissory note $288,590.05 attorney's fees in the amount of $43,288.51 are unreasonable, that an officer of appellee orally agreed to modify the terms of the note, and that appellee failed to credit appellant and the note with all of the payments that had been made. Mr. Clark, in his second affidavit, stated that a payment of $5,000.00 was made on November 13, 1970, and that the balance, including principal and interest, as of January 13, 1971, amounted to $288,590.05.

Appellant's first and third points of error assert that the trial court erred in granting appellee's motion for summary judgment in that there is a genuine issue of material fact regarding reasonableness of attorney's fees and a general issue of fact regarding partial payments on the note.

Again, we note that appellant filed a general denial only. Appellant did not file any pleadings raising the affirmative defenses of unreasonableness of attorney's fees or of partial payment on the note. Appellant attempts to urge affirmative defenses for the first time via affidavits in a summary judgment proceeding. This cannot be done. The general rule is that an affirmative defense must be both pled and supported by evidence to make out a fact issue. Texas State Board of Registration for Professional Engineers v. Trimble, 366 S.W.2d 124 (Tex.Civ.App.— El Paso, 1963, writ ref'd n. r. e.); Fisher v. Howard, 389 S.W.2d 482, 486 (Tex.Civ. App.—Dallas 1965, n. w. h.).

The affirmative defense of unreasonableness of attorney's fees must be both pled and proved. This is supported by numerous authorities. In Gardner v. Associates Investment Co., 171 S.W.2d 381 (Tex.Civ.App.—Amarillo 1943, writ ref'd w. o. m.), where the attorney's fees of 15% as specified in the note were allowed, the Court held:

" . . . There was neither pleading nor proof upon the part of appellant that such attorney's fees were unreasonable and thus no issue was presented on this question. This seems to be a matter of affirmative defense, the appellee not being required to offer proof on the issue. . . . " (citing authorities).

See also Capps v. Huff, 427 S.W.2d 121 (Tex.Civ.App.—Eastland 1968, n. w. h.); Rychener v. McGuire, 66 S.W.2d 413 (Tex.Civ.App.—San Antonio 1933, n. w. h.); 9 Tex.Jur.2d, Bills and Notes, § 365, p. 401.

In the absence of pleading and proof that the amount of attorney's fees expressed in a promissory note is unreasonable, proof of the reasonableness of the

percentage that the maker and payee have fixed by contract is not required. Blankenship v. Citizens State Bank, Slaton, 457 S.W.2d 120 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e. ) ; Pine v. Gibraltar Savings Association, 427 S.W.2d 714, 718 (Tex. Civ.App.—Houston 1st 1968, n. w. h.) ; Kost Furniture Co. v. Los Angeles Period Furniture Co., 147 S.W.2d 862 (Tex. Civ.App.—Galveston 1941, writ dism'd, jud.cor.).

In Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (1960), the trial court granted summary judgment in favor of the holder of a delinquent promissory note, including the 10% attorney's fees specified in the note. The Supreme Court said:

"It is now settled that as between the legal owner and holder of a promissory note and those who are obligated to pay the same, the former is prima facie entitled to recover the attorney's fees stipulated therein upon the happening of the contingency which makes the same payable. In the absence of an issue affirmatively tendered by the defendant, it is not necessary for the plaintiff to prove an agreement to pay such fee to an attorney or that the same is reasonable. . . ."

In Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.Sup. 1963), where payment was not pleaded as an affirmative defense in an action on a promissory note, the opinion states:

"Similarly, Rule 94 provides that other affirmative defenses including that of payment, fraud, release, and the statute of limitations must be affirmatively pleaded. Under Rule 94 and Rule 95, payment is thus an affirmative defense on which the defendant has the burden of proof, which must be specially pleaded, and may not be shown under a general denial." (citing authorities)

In the case now before us the note stipulated 15% of the full amount due as attorney's fees in the event of default and suit is filed. Appellee affirmatively pled and proved that it had agreed to pay the 15% so specified as attorney's fees. Fifteen percent of the full amount alleged and proved to be due is $43,288.51. If appellant expected to defeat the motion for summary judgment by showing genuine issues of fact with respect to reasonableness of attorney's fees or partial payment on the note, it was incumbent on it to first affirmatively plead these defenses. This it did not do. Appellant's first and third points of error are overruled.

Appellant, by its second point, contends that appellee's affidavits in support of its motion for summary judgment are insufficient because (a) the affiant had no personal knowledge of the reasonableness of attorney's fees, (b) the affiant was an interested party, (c) papers referred to in the affidavits were not attached or served therewith, and (d) the affidavits "were not properly sworn to".

We have already disposed of the contention made in section (a) of appellant's second point. With respect to the evidence from interested witnesses, the Supreme Court, in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41, 47 (Tex.Sup.1965), held:

" . . . If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. . . ."

To us, the summary judgment evidence by way of the affidavits of William A. Clark, an interested witness for appellee, is clear, direct and positive. An examination of the affidavits of Mr. Clark reveals that he was a Vice President of the appellee bank and was cognizant of the facts stated in each affidavit. We believe that his affidavits show that he was competent to testify to the matters stated therein. Kellum v. Pa-

cific National Fire Ins. Co., 360 S.W.2d 538 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.). The record does not show that there are any circumstances in evidence that tends to impeach such evidence. A number of summary judgments have been upheld upon affidavits from interested witnesses. See Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); Nagelson v. Fair Park National Bank, 351 S.W.2d 925, 931 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); B & B Pharmacy and Drug, Inc. v. Lake Air National Bank of Waco, 449 S.W.2d 340 (Tex.Civ.App.—Waco 1969, writ dism'd). The affidavits of William A. Clark were properly considered by the trial court.

In the instant case, the promissory note was not attached to the affidavits. A photographic copy of the note was attached to and incorporated in appellee's original petition and in its first amended original petition. William A. Clark, affiant, in his first affidavit, on oath stated that he had personal knowledge of every statement therein and further stated "Corpus Christi State National Bank is the holder, owner and payee of a certain promissory note dated August 13, 1970, for the sum of $282,819.64, which is the promissory note described in Paragraph II of Plaintiff's First Amended Petition and is attached thereunto as Exhibit 'A', which exhibit I do certify to be a true and correct copy of the original note."

In Womack v. I. & H. Development Company, 433 S.W.2d 937 (Tex.Civ.App.—Amarillo 1968, n. w. h.), a case quite similar in many respects to the one at bar, unsworn reproduced copies of the notes in issue were attached to the petition, and it was contended that the trial court erred in granting the noteholder's motion for summary judgment for the reason (among others) that no proof of the notes was made because neither the originals nor certified copies were attached to the pleadings or to the motion for summary judgment. The Court of Civil Appeals affirmed and said:

" . . . In the instant case, reproduced copies of the notes were attached to the amended petition. The amended petition, motion for summary judgment, and Hipes' affidavit referred to and incorporated the copies of the notes by reference. The contents of the notes are in the record. There was no exception in the trial court relating to the failure to attach the original or certified copies of the notes in question. Where unverified or uncertified copies are attached to pleadings or a motion for summary judgment and no exception is taken, the party thereby waives the requirement under Rule 166A(e) and the copies are a sufficient basis to grant a motion for summary judgment when it fairly appears there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. . . . " (citing authorities)

See also Wexler v. Gibraltar Savings Association, 439 S.W.2d 378 (Tex.Civ.App.—Houston 14th 1969, n. w. h.).

■ Appellant, in support of its contention that appellee's affidavits are insufficient in that "papers referred to in the Affidavits were not attached or served therewith", relies on Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961). *Gardner* is distinguishable from this case for in that case no copy of the material instruments was in the record. Thus, there was nothing in the record that would enable the appellate court to determine whether the motion was properly granted. In the case at bar, a photographic copy of the note executed by appellant was attached to both the original and to the amended petition, and certified in the affidavit "to be a true and correct copy of the original note".

■ Appellant also argues that the documents signed by William A. Clark and used by appellee as affidavits in support of its motion for summary judgment are fatally defective in that following the statement and signature of affiant is an ac-

knowledgment, rather than a jurat. We do not agree.

Article 23(18), Vernon's Ann.Civ.St. defines an affidavit as " . . . a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths, and officially certified to by such officer under his seal of office". The documents in question were signed by William A. Clark. Both were subscribed and sworn to by William A. Clark before Sharon Emerson, a notary public in and for Nueces County, Texas. Both documents bore the notarial seal. The form of the jurat that appears on both documents following the signature of William A. Clark, is in words and figures, as follows:

"SUBSCRIBED AND SWORN TO BEFORE ME by the said William A. Clark this _____ day of _____, 1971, to certify which witness my hand and seal of office.

/s/ Sharon Emerson

Notary Public in and for

(SEAL)            Nueces County, Texas"

---

One of the jurats was filled in and dated February 12, 1971; the other was filled in and dated March 9, 1971. The documents are affidavits within the statutory definition of an affidavit as set out in Article 23(18), V.A.C.S.

In Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup. 1962), certified copies of the papers referred to in the affidavits for summary judgment were not attached thereto. No exception was filed in the trial court. The court concluded:

"If petitioner was in any doubt as to these matters or if it was prejudiced in any way by the fact that sworn or certified copies of the operating agreements were not attached to or served with the Johnson affidavit, it should have excepted to the affidavits at or prior to the hearing. The deficiences which it now urges appear to be purely formal, and it may be assumed that they would have been corrected upon proper exception in the trial court. We hold that objections of this kind may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The Youngstown case was reviewed by the Supreme Court in Boswell v. Handley, 397 S.W.2d 213 (Tex.Sup.1965), where it was stated:

"We held that in those circumstances the copy constituted a sufficient basis upon which a motion for summary judgment could be either granted or denied, *in the absence of an exception by the opposing party.*" (Emphasis by the Supreme Court).

The same rule applies here. The note was actually before the trial court. The affidavits were served on appellant. With respect to the motion for summary judgment, the judgment recites "that proper service thereof has been made". Appellant did not except or object at or prior to the hearing on the motion for summary judgment that "the papers referred to in the Affidavits were not attached or served therewith". Therefore, this objection may not now be raised in this Court because an objection as to the formal insufficiency of an affidavit supporting a motion for summary judgment may not be raised for the first time on appeal when it fairly appears from the record that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Youngstown Sheet & Tube Co. v. Penn,

supra; Brown v. Aetna Casualty and Surety Company, 366 S.W.2d 673 (Tex. Civ.App.—Dallas 1963, writ ref'd n. r. e.); Jackson v. Hanover Insurance Company, 389 S.W.2d 328 (Tex.Civ.App.—Waco 1965, n. w. h.). Appellant has waived the requirement of "sworn or certified copies" under Rule 166–A(e), Texas Rules of Civil Procedure; Womack v. I. & H. Development Company, supra; Sims v. Citizens State Bank, 434 S.W.2d 210 (Tex.Civ.App.—Houston 14th 1968, n. w. h.). The photographic copy of the note attached to appellee's first amended original petition as certified in the affidavit "to be a true and correct copy of the original note" is a sufficient compliance with the Rule. Appellant's second point is overruled.

The judgment of the trial court is affirmed.