Franklin R. NAVARRO, Appellant,

v.

SECRET HARBOR FARMS, INC., Appellee.

No. 16265.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Feb. 14, 1974.

Rehearing Denied March 14, 1974.

Marvin O. Teague, Houston, for appellant.

Barrow, Bland, Rehmet & Lee, Gerald T. Drought, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment based on a verified account granted to plaintiff-appellee, Secret Harbor Farms, Inc., against defendant-appellant, Franklin R. Navarro.

Plaintiff is a foreign corporation operating a private school. It entered into a contract with defendant whereby he agreed, in consideration of the care, education and counseling to be provided his son, to pay to plaintiff $1,100.00 per month plus additional charges for clothing, medicine, dental and medical expenses. Defendant withdrew his child from the school without giving notice as provided by the contract and without paying the monthly tuition and certain additional charges.

Plaintiff filed this suit against defendant alleging breach of contract and in the alternative alleged a debt, supported by an account properly verified in accordance with Rule 185, Texas Rules of Civil Procedure. After the defendant answered, plaintiff filed a motion for summary judgment and an affidavit. The defendant then filed an amended answer alleging a general denial, failure of consideration and unjust enrichment and that he was induced to enter the contract by false and fraudulent misrepresentations of fact. There was also an allegation denying that defendant owed plaintiff the sum of $4,747.34. The defendant signed the pleading. Below his signature appears this affidavit:

"State of Texas

County of Harris

"Before me, the undersigned authority, on this day personally appeared Franklin R. Navarro, known to me to be the person whose name appears hereon, and stated to me that he is the defendant in this cause and that he has read the foregoing Defendant's Original Answer and that the matters and facts contained therein are true and correct.

"Sworn to and subscribed to before me, on this the 21st day of February, A.D. 1973.

/s/ Pamela Ann Borgh

Notary Public in and for Harris County, Texas "

■ From a consideration of the entire instrument we conclude that Franklin R. Navarro stated under oath that the matters and facts contained in Defendant's First Amended Original Answer are true and correct. However the Answer is not sufficient to constitute a written denial under oath contemplated by Rule 185, T.R.C.P. The instrument contains only a sworn general denial. Jorrie Furniture Co. v. Rohm, 442 S.W.2d 476 (Tex.Civ.App.—San Antonio 1969).

The defendant did not file an answer to the motion for summary judgment or affidavits in opposition thereto.

■ The affidavit filed by the plaintiff incorporated the contract by reference, and a copy was attached thereto. The affiant stated that he signed the contract and saw it signed by Franklin R. Navarro. He stated that pursuant to the agreement defendant's son was admitted as a student at the rates stipulated in the agreement. There was attached to and incorporated in the affidavit a copy of an accounting ledger sheet "setting out the charges and credits entered pursuant to said enrollment agreement." There is a statement that the charges reflected by the exhibit were made for services actually rendered by Secret Harbor Farms, Inc. at the request of Franklin R. Navarro and that they are fair and reasonable charges for the same or similar services in the vicinity of Anacortes, Washington. He states that there is due and owing to the corporation the sum of $4,747.36.

Plaintiff's motion for summary judgment is based on the written contract. On the

basis of the summary judgment proof the plaintiff is entitled to a summary judgment. International Shelters, Inc. v. Corpus Christi State National Bank, 475 S.W.2d 334 (Tex.Civ.App.—Corpus Christi 1971).

 The judgment of the trial court recites that the suit is on a sworn account duly verified, ant that "the summary judgment evidence . . . established plaintiff's right to recover the amount of its sworn account . . ." The motion for summary judgment did not specify the sworn account as a ground for judgment. Where it "affirmatively appears from the pleadings, admissions, depositions and affidavits that there is no issue as to any material fact upon which the outcome of the litigation depends, then summary judgment is the proper remedy even though it be granted upon a ground different from that specified in the motion." In re Price's Estate, 375 S.W.2d 900 (Tex.1964). See also Phil Phillips Ford, Inc. v. St. Paul Fire & Marine Insurance Co., 465 S.W.2d 933 (Tex.1971).

 The defenses of fraud and failure of consideration are expressly named as affirmative defenses by Rule 94, T.R.C.P. The asserted defense of unjust enrichment is nothing more than a legal conclusion and does not attempt to negative a necessary element of plaintiff's cause of action. It is a plea in avoidance. Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.1963).

 The defendant has filed no summary judgment evidence in support of the affirmative defenses plead. The burden of proof rested on him on these issues. In the absence of affidavits or other summary judgment proof supporting the affirmative defenses, no issues of fact are raised. Seale d/b/a Seale Enterprises v. Nichols d/b/a Fashion Beauty Salon, 505 S.W.2d 251 (Tex.1974); Hudnall v. Tyler Bank and Trust Company, 458 S.W.2d 183 (Tex.1970).

Affirmed.