FIREMAN'S FUND AMERICAN INSUR-
ANCE COMPANY, Appellant,

v.

PATTERSON & LAMBERTY, INC.,
et al., Appellees.

No. 837.

Court of Civil Appeals of Texas,
Tyler.

July 31, 1975.

Appellant's First Motion for Rehearing
Denied Sept. 11, 1975.

Second Rehearing Denied Oct. 16, 1975.

Touchstone, Bernays & Johnston, W. Richard Bernays, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, D. L. Case, Jack Pew, Jr., Dallas, for appellees.

MOORE, Justice.

This is an appeal from an order granting a summary judgment. Appellant, Fireman's Fund American Insurance Company,[1] brought suit against Patterson & Lamberty, Inc., a Professional Corporation for the practice of law, and attorneys J. Redwine Patterson and Edwin J. Lamberty, Jr., individually, for damages in the amount of $9,093.50 allegedly sustained by Fireman's Fund as a result of legal malpractice on the part of Edwin J. Lamberty. As grounds for a cause of action, Fireman's Fund alleged that on April 14, 1970, it was the insurance carrier for Ramada Inns, Inc. of Irving, Texas, insuring Ramada against loss from fire as well as public liability coverage; that a fire occurred in one of Ramada's motel rooms causing damages to the motel and that as a result of the damage it paid the sum of $3,384.31 in settlement of the claim and took a subrogation agreement authorizing it to recover against those responsible for the fire. Upon investigation, it was determined that the fire was caused by a defective television set manufactured by General Electric Company. Fireman's alleged that it employed appellees for the purpose of prosecuting its subrogation claim against General Electric. Thereafter, a compromise settlement was reached whereby General Electric paid Fireman's the sum of $3,000.00. Fireman's alleged that in consummating the agreement, Edwin J. Lamberty, Jr. exceeded his authority and was guilty of negligence in executing· and delivering to General Electric a release which contained an indemnity agreement; that thereafter on September 13, 1971, Sadie Coughlin, a tenant in the room damaged by fire, brought suit against Ramada and General Electric seeking to recover $16,985.61 for clothing and personal effects destroyed by the fire and that as a result of the Coughlin suit judgment was rendered against Ramada and General Electric jointly and severally for $9,000.00, which Fireman's in its capacity as liability carrier for Ramada paid, thereby discharging Ramada and General Electric of liability. Fireman's Fund further alleged that the negligent conduct of appellee, Lamberty, in giving General Electric an indemnity agreement deprived Ramada (and Fireman's as subrogee of Ramada) from recouping from General Electric the sum of $9,093.50 paid by Fireman's in discharging the Coughlin judgment. Appellees answered with a general denial and affirmatively alleged that Fireman's suffered no loss by reason of appellees' alleged malpractice because Fireman's (as subrogee of Ramada) filed a cross-claim in the Coughlin suit and recouped its loss by recovering a judgment over and against General Electric, and having refused to levy execution thereon, Fireman's was not entitled to recover against appellees.

The case came on for hearing before the trial court upon appellees' motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure. As grounds for a summary judgment, appellees alleged that the pleadings, depositions, exhibits and other summary judgment evidence conclusively establishes that despite the indemnity agreement, Fireman's Fund recovered a judgment over and against General Electric in the Coughlin suit, and since Fireman's deliberately refused to levy execution thereon, the evidence conclusively shows that Fireman's suffered no damage as a result of the alleged malpractice. Therefore, appellees alleged that since Fireman's suffered no damages, one of the essential

1. Hereinafter referred to as "Fireman's" or "Fireman's Fund."

elements of its cause of action was lacking and that appellees were entitled to a judgment as a matter of law. After a hearing, the trial court entered an order granting appellees a summary judgment, from which judgment Fireman's Fund perfected this appeal.

We affirm.

Appellant, Fireman's Fund, seeks a reversal on the ground that the record creates numerous disputed fact issues which can be determined only by the court or jury. In reply, appellees maintain that the judgment may be sustained on the ground that the summary judgment proof establishes as a matter of law that no genuine issue of fact exists upon one of the essential elements of Fireman's cause of action since the proof conclusively shows Fireman's suffered no damages.

■ The last sentence of paragraph (c) of Rule 166–A, Texas Rules of Civil Procedure, providing for summary judgments provides as follows: .

"* * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In determining the propriety of a summary judgment in favor of a defendant, the question to be determined on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.Sup., 1970).

■ The ordinary rule that negligence is actionable only where it is the proximate cause of the damages complained of is usually applied in actions against attorneys for malpractice. *Lynch v. Munson*, 61 S.W. 140 (Tex.Civ.App., 1901); *Patterson and Wal-*

*lace v. Frazer*, 79 S.W. 1077 (1904), 45 A.L. R.2d Sec. 5, pp. 19–22. A client claiming negligence on the part of his attorney has the burden of proving that damages resulted. *Lynch v. Munson*, supra. The specific question to be determined in the instant case is whether the summary proof negates this essential element of Fireman's cause of action.

The facts are not in dispute. They are essentially the same as the facts set forth in the pleading delineated above. In order to properly understand the situation, a detailed discussion of some facets of the case will be necessary.

The record reveals that several months after appellee Lamberty delivered to General Electric the release containing the indemnity agreement, a suit was instituted in the 116th District Court of Dallas County by Sadie Coughlin and Paul Coughlin against Ramada Inns and General Electric. In that suit, the plaintiffs sought judgment against Ramada and General Electric for damages in the amount of $16,985.61 for the loss of clothing and other personal effects caused by the fire in the motel room. Fireman's Fund, being the liability carrier for Ramada and the indemnitor of General Electric by reason of the contract executed by its attorney Lamberty, assumed the defense of the case on behalf of both Ramada and General Electric, being represented by Mr. Richard Bernays, Fireman's attorney in the cause.

Thereafter, Mr. Bernays filed a "First Supplemental Answer" in the Coughlin case, alleging that the General Electric television set was defective and unreasonably dangerous and was the cause of Mrs. Coughlin's damages, so that,

"* * * if any judgment be had against Ramada Inns herein it should recover over and against General Electric Company the full amount thereof for which it prays."

On March 23, 1972, the Coughlin suit came on for trial. What transpired is set out in the judgment, as follows:

"Be it remembered that on the 23 day of March, 1972, came on to be heard the above styled cause, when appeared the plaintiffs, in person and by their attorneys, and the defendants by their attorneys and announced to the Court that they would waive a jury and submit the matters of fact as well as of law to the Court, except that the parties had agreed that the plaintiffs damages should be found to be $9,000.00, and the court having heard and considered the evidence is of the opinion that the law and the facts are in favor of the plaintiff and against the defendant and further that Ramada Inns should have judgment on its prayer over and against General Electric Company and full indemnity from General Electric Company;

"It is accordingly ORDERED, ADJUDGED and DECREED by the Court that the plaintiffs, Sadie Coughlin and her husband Paul Coughlin, recover of and against Ramada Inns and General Electric Company their damages in the sum of $9,000.00, together with costs of court.

" * * * And it further appearing to the Court that this judgment has been *paid and satisfied in full*, it is ORDERED that no execution issue except for court costs for which execution may issue if necessary." (Emphasis supplied.)

■ While we have no way of knowing the basis upon which the summary judgment was rendered in favor of appellee, it appears that the trial judge would have been justified in concluding that even if appellees were guilty of malpractice as alleged, the summary judgment proof showed as a matter of law that Fireman's suffered no damage or loss as a result of the malpractice because it had recouped all of its loss in the action over against General Electric in the Coughlin suit. The judgment in the Coughlin suit recites that *"this judgment has been paid and satisfied in full."* This means that not only had the Coughlin judgment been satisfied, but also that Ra-

mada's (Fireman's) judgment over against General Electric for $9,000.00 and court costs had been fully paid and satisfied. Nowhere in Fireman's pleadings does it seek to avoid the entry of satisfaction nor was it alleged that such entry fails to speak the truth. On the contrary, Fireman's apparently relies thereon since the entire judgment was incorporated in its pleadings. There is nothing in the summary judgment proof suggesting that the entry of satisfaction was the result of fraud, accident or mistake. Upon the record before us, we are compelled to conclude that Fireman's Fund, as subrogee, having recovered its entire loss from General Electric, suffered no damage or loss as a result of appellees' alleged malpractice. Consequently, since the undisputed proof negates the essential element of damages, appellees were entitled to a summary judgment.

In reaching the foregoing conclusion, we recognize that both parties to this appeal have briefed the case on the assumption that General Electric has never paid or discharged Ramada's judgment over against it. Nevertheless, the Coughlin judgment, together with the recitals made therein, constitutes a vital part of the summary judgment proof. The entry reciting satisfaction in full stands unchallenged. In these circumstances, we believe the recitation is controlling.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

■ Appellant asserts on Motion for Rehearing that this Court erred in considering the recitals of the judgment rendered in the case of *Coughlin v. Ramada and General Electric* because the same was not a certified copy or otherwise properly authenticated copy as required by Rule 166–A. We find no merit in this contention. The record reveals that Fireman's incorporated a copy of the judgment in its petition. Since Appellant made the judgment a part of its pleadings, the judgment was properly

before the trial court whether authenticated or not. The record further reveals that a copy of the judgment was introduced into evidence in connection with the deposition testimony of Robert M. Blair, Fireman's Claims Supervisor. Since the judgment was introduced as a part of the deposition, we think the lack of authentication was a mere formal deficiency which should have been raised in the trial court and may not be raised for the first time on appeal. *Youngstown Sheet & Tube v. Penn*, 363 S.W.2d 230 (Tex.1962).

Appellant further asserts that this Court erred in affirming the summary judgment on a "ground" directly contradicted by Appellees' Brief in which Appellees assert: "It is undisputed that the judgment is valid and *could be executed upon*, but upon the advice of Mr. Bernays, Fireman's Fund has deliberately withheld execution." (Emphasis added by Appellant.) We overrule the contention.

 Our decision affirming the summary judgment was not made on the basis of Appellees' contention that Ramada (Fireman's) could have levied execution on the judgment. Our decision was made to rest upon the uncontradicted recital in the Coughlin judgment showing that it had "been paid and satisfied in full". While Appellees' grounds for summary judgment are somewhat confusing, we think it apparent that Appellees intended to rely upon the judgment as conclusive proof of the fact that Fireman's had not in fact suffered any loss. In any event, where it "affirmatively appears from the pleadings, admissions, depositions and affidavits that there is no issue as to any material fact upon which the outcome of the litigation depends, then summary judgment is the proper remedy even though it be granted upon a ground different from that specified in the motion." *In re Price's Estate*, 375 S.W.2d 900 (Tex.1964). See also *Phil Phillips Ford, Inc. v. St. Paul Fire & Marine Insurance Co.*, 465 S.W.2d 933 (Tex.1971); *Navarro v. Secret Harbor Farms, Inc.*, 506 S.W.2d 337 (Tex.Civ.App., Houston (1st Dist.) 1974, writ ref'd n. r. e.).

The record before us conclusively shows that the Coughlin judgment had been "paid and satisfied in full". If the recital in the judgment is correct, and we must assume it is, then the record conclusively shows that Ramada recouped its entire loss from General Electric. Consequently, Appellees alleged malpractice did not cause Fireman's to suffer a loss and as a result Fireman's would have no cause of action against Appellees. Appellant's Motion for Rehearing is overruled.