**V. I. P. COMMERCIAL CONTRACTORS et al., Appellants,**

**v.**

**Necati ALKAS, Individually and d/b/a Contract Design Company, Appellee.**

**No. 15805.**

Court of Civil Appeals of Texas, San Antonio.

June 29, 1977.

Joel William Ellis, Carter & Ellis, Harlingen, for appellants.

Bruce Waitz, Van H. Johnson, San Antonio, for appellee.

CADENA, Justice.

Defendants, Bill D. Bass, and two corporations, V. I. P. Commercial Contractors and Valley International Properties, Inc., appeal from a judgment holding them liable on a promissory note and awarding plaintiff, Necati Alkas, d/b/a Contract Design Co., recovery for the face amount of the note plus interest and attorney's fees. The two corporations will be referred to in this opinion as "Commercial" and "International."

Although all three defendants perfected an appeal from the judgment below, only Bass has filed a brief in this Court. The brief filed by Bass raises only questions relating to his individual liability and asserts no error insofar as the judgment against the two corporations in concerned. The appeals of V. I. P. Commercial Contractors and Valley International Properties, Inc., are, therefore, dismissed for want of prosecution.

The note in question, in the amount of $35,578.76, provided for interest on the principal at the rate of 12 percent per year and contained the usual provisions concerning attorney's fees. It was signed on behalf of Commercial by its president, Robert S. Leising, and on behalf of International by its president, Bass. Bass also signed the note individually. None of the defendants denied execution of the notes or raised any affirmative defenses in their pleadings.

Plaintiff filed a motion, supported by his affidavit, for summary judgment on all issues other than the question of attorney's fees. None of the defendants filed responses to such motion, nor did any one of them appear at the hearing.

The trial court granted summary judgment in favor of plaintiff on the question of defendants' liability on the note and reserved the question of attorney's fees for subsequent determination.

The hearing on the question of attorney's fees was held on October 26, 1976, at which time Bass asked for leave to file an amended answer alleging that the note was usurious on its face and seeking recovery of the statutory penalties for usury. The trial court denied leave to file such amended pleading and also overruled a motion filed by Bass praying that the prior interlocutory judgment on the question of liability on the note be set aside. After trial without a jury on the question of attorney's fees the trial court rendered a final judgment in favor of plaintiff.

Bass, by his first point, asserts that the trial court erred in granting the interlocutory summary judgment because the note provides for usurious interest on its face. As already pointed out, Bass made no attempt to raise the question of usury until his unsuccessful effort to file an amended answer on the date of the hearing on the question of attorney's fees.

In his affidavit in support of his motion for "partial" summary judgment, plaintiff, in addition to swearing to the existence of facts sufficient to otherwise support a judgment in his favor on the note, swore to the following:

1. Prior to the execution of the note, Commercial had purchased from plaintiff goods, wares and merchandise of the value

of $35,578.76, substantially all of which were for the use and benefit of International. The debt resulting from such purchase was never paid despite demand for payment made by plaintiff.

2. Leising, president of Commercial, and Bass, president of International, importuned plaintiff to accept a promissory note for the debt, stating that if plaintiff agreed to accept such a note Bass would act as "surety and/or guarantor" and would be obligated, in his individual capacity, for payment of the note. Plaintiff agreed to accept such a note, which is the note on which plaintiff's demand in this case is based.

■ No affidavits challenging the truth of such statements were filed by defendants, so that the sworn statement to the effect that Bass signed the note in his individual capacity as surety or guarantor must be taken as true.

■ Article 1302–2.09, Tex.Rev.Civ.Stat. Ann. (Supp.1976), provides that a corporation borrowing in excess of $5,000.00 may contract for any rate of interest not in excess of 1½ percent per month. Therefore, insofar as the corporate borrowers in this case are concerned, the provision for interest at the rate of 12 percent annually did not constitute usury.

■ The statute expressly provides that where a corporation agrees to pay interest at a rate permitted by its provisions, "the claim or defense of usury by such corporation, its successors, guarantors, . . . is prohibited." This prohibition against the assertion "of the claim or defense of usury" by the guarantor applies even though the guarantor is an individual who, as against the holder of the note, is primarily liable. *Universal Metals & Machinery, Inc. v. Bohart*, 539 S.W.2d 874 (Tex.1976).

By his second point Bass complains of the refusal of the trial court to permit him to file his amended answer some 80 days after the rendition of the partial summary judgment. In such proffered pleading Bass alleged, under oath, that he was no more than an accommodation maker, that no money changed hands at the time the note was executed, and that he borrowed no money from plaintiff and received no money from plaintiff.

■ If, as he insists, Bass signed the instrument only for the purpose of accommodating the corporate borrowers, he stands in the position of a surety, even though he is primarily liable on the instrument, since his liability is subject to no conditions precedent.

■ Although accommodation makers are popularly referred to as "co-makers," their contract is one of suretyship and should be distinguished from the contract of a joint maker. According to § 3.415(a), Tex.Bus. & Comm.Code Ann. (1968), an accommodation party is one who signs an instrument in any capacity for the purpose of lending his name to another party to the instrument. According to Comment 1 accompanying this section, an accommodation party "is always a surety (which includes a guarantor), and it is his only distinguishing feature." H. Arant Suretyship, § 14 (1931); Clark, *Suretyship in the Uniform Commercial Code,* 46 Texas L.Rev. 453, 455–57 (1968).

■ Even if we assume, without deciding, that the trial court erred in rejecting the proffered amended pleading, the error was harmless, since the amended pleading presented nothing which could be the basis of a defense or a claim by Bass.

What we have said in rejecting the first two points presented by Bass compels the conclusion that his third point, which complains of the refusal of the trial court to set aside the interlocutory summary judgment, is without merit. The sole basis for this motion is the alleged fact that the note in question embodied a provision for usurious interest. Neither the motion nor anything else in the record suggests any basis for holding that Bass is not liable on the note or that he has any conceivably valid claim against plaintiff.

The judgment of the trial court is affirmed.