Tom F. CALDWELL, Jr., Appellant,

v.

Scottie Gayle STEVENSON, Appellee.

No. 12701.

Court of Civil Appeals of Texas, Austin.

June 7, 1978.

Rehearing Denied June 21, 1978.

and due process were observed. See Tex.R. Civ.P. 215a.

Robert J. Werner, Hilgers, Watkins, Ledbetter & Hays, Austin, for appellant.

J. Winston Chapman, Levbarg, Weeks & Chapman, Austin, for appellee.

SHANNON, Justice.

This is an appeal from a summary judgment that appellant Tom F. Caldwell, Jr., take nothing from appellee Scottie Gayle Stevenson. The problem is whether Caldwell signed a promissory note as surety or principal. We will affirm the judgment.

Caldwell, Stevenson, W. R. Newman, and Mrs. W. B. Newman signed a promissory note in 1963 for $7,829.12 payable to North Austin State Bank. Although Caldwell made several payments on the note, no other co-signer paid anything.

After no further payments on the note were made, the bank matured the entire indebtedness. The bank filed suit in 1966 in the district court of Travis County against the four co-signers in an effort to recover the note balance and interest due. Caldwell filed an answer and a cross-action against the Newmans and Stevenson to recover payments previously made.

The district court entered judgment in 1966 for the bank against the four co-signers of the note, jointly and severally for $6,849.80, and for Caldwell against each of the other co-signers in the sum of $995.59.

In January, 1972, Caldwell paid the judgment in full and obtained a release from the bank. Caldwell then filed suit only

against Stevenson in August, 1975, for the sum he paid for the 1966 judgment.

Both Caldwell and Stevenson filed motions for summary judgment. The 1963 note was not attached as summary judgment proof to either motion. The district court denied Caldwell's motion for summary judgment and granted Stevenson's motion.

Caldwell's position is that he was an accommodation party (surety) on the note and that Stevenson was a principal. Caldwell claims as surety he was subrogated to the rights of the bank, and was therefore entitled to sue Stevenson for reimbursement on the basis of the original judgment.

Stevenson defends entry of the summary judgment upon the premise that Caldwell was a principal, not a surety, and therefore after Caldwell paid the entire judgment he was entitled to partial contribution from each co-maker in the amount of his aliquot share of the debt. Stevenson urges that Caldwell's cause of action for contribution is in *assumpsit* or implied promise to pay. Because that cause of action must be filed within two years, Stevenson claims Caldwell's cause was barred by limitations. Texas Rev.Civ.Stat.Ann. art. 5526 (1958).

█ The note was signed in 1963 and the judgment on the note was entered in 1966. The Negotiable Instruments Act, Tex.Laws 1919, ch. 123, § 1–198 at 190–312, was effective until September 1, 1967. On that date the Texas Uniform Commercial Code became operative. The Code, however, does not change the law of the surety-principal-creditor relationship. Clark, *Suretyship in the Uniform Commercial Code*, 46 Texas L.Rev. 453, 454 (1968).

Co-signers of a note are divided usually into two general categories, principals or sureties. If one is a principal he is commonly designated a maker. *Capps v. Huff*, 427 S.W.2d 121 (Tex.Civ.App.1968, no writ). If one is a surety he is termed usually an accommodation party or guarantor. *V. I. P. Commercial Contractors v. Alkas*, 553 S.W.2d 656 (Tex.Civ.App.1977, no writ).

█ A co-maker's liability to the payee is joint and several. *Beitel v. Beitel*, 109 S.W.2d 345 (Tex.Civ.App.1937, writ dism'd w. o. j.); *Estrada v. River Oaks Bank & Trust*, 550 S.W.2d 719, 729 (Tex.Civ.App. 1977, writ ref'd n. r. e.); presently governed by Tex.Bus. & Comm.Code Ann. § 3.118(5) (1968). As between one another, co-makers are presumed liable in equal amounts. 9 Tex.Jur.2d *Bills and Notes* § 226 (1959). If one co-maker pays the entire judgment entered against all of the co-makers, he is entitled to contribution from each co-maker in the amount of his aliquot share of the debt. *Beitel v. Beitel, supra.* The cause of action for contribution is in *assumpsit*, or implied promise to pay, and must be filed within two years after the judgment is paid. *Gaines v. Gaines*, 119 S.W.2d 427 (Tex.Civ.App.1938, writ ref'd n. r. e.).

█ A surety (accommodation party) is primarily liable with the principal (maker) to the payee because he lends his name to the note as security. *Reed v. Buck*, 370 S.W.2d 867 (Tex.1963); Clark, *Suretyship in the Uniform Commercial Code*, 46 Texas L.Rev. 453 (1968). Nevertheless, the rights and obligations of a surety are different from those of a principal. One important difference as related to the case at bar is that if the surety pays the judgment he stands in the shoes of the creditor and may sue on the judgment itself. *Fox v. Kroeger*, 119 Tex. 511, 35 S.W.2d 679 (1931); Tex.Bus. & Comm.Code Ann. § 34.04 (1968).

█ Caldwell had the burden of proving suretyship. *Culberson v. Hawkins*, 321 S.W.2d 140 (Tex.Civ.App.1959, no writ). His burden was onerous since it is presumed that one signs as a co-maker unless the suretyship relationship between the co-signers appears on the face of the note. *Durham v. McDowell*, 265 S.W. 425 (Tex.Civ. App.1924, no writ); *Breckenridge Hotel Co. v. Radford Grocery Co.*, 35 S.W.2d 464 (Tex. Civ.App.1931, no writ). Caldwell did nothing to rebut that presumption. For example, Caldwell did not make the note a part of his summary judgment proof. As a result this Court cannot ascertain whether a surety relationship between Caldwell and

the co-signers appeared on the face of the note.

■ There is a second reason for affirmance of the judgment. An examination of Caldwell's summary judgment proof demonstrates that he did not plead in the 1966 suit that he signed the note as surety. The 1966 judgment does not show that Caldwell acted as surety in signing the note. Accordingly, Caldwell was not entitled in the summary judgment proceeding to have the court determine an issue which could have been properly determined in the 1966 trial. *Vollmer v. Roscoe*, 201 S.W.2d 71 (Tex.Civ. App.1947, no writ); *Tarlton v. Orr*, 40 Tex. Civ.App. 410, 90 S.W. 534, 536 (writ ref'd).

This Court, therefore, will presume that Caldwell signed the note as principal or co-maker. His cause of action is one in *assumpsit* barred by the two-year statute of limitations at the time Caldwell filed suit.

The judgment is affirmed.

Affirmed.