Edward MAURER, Appellant,

v.

**WESTERN GULF SAVINGS & LOAN ASSOCIATION, Appellee.**

No. 01–85–0267–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 30, 1986.

Rehearing Denied Feb. 27, 1986.

Robert A. Dennison, III, Austin, for appellant.

Steven L. Weathered, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

Before DUNN, DUGGAN and LEVY, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a denial of a motion for new trial and to set aside a default judgment.

Uncontroverted evidence reveals that appellant Edward Maurer ("Maurer") and Lanny Vlasak ("Vlasak") planned to build a hotel on property located in San Marcos, Texas. Vlasak handled the day-to-day affairs of the project, including financing negotiations, and Maurer was the project architect. Maurer put up his financial statement as security for the financing of the project because Vlasak's statement was not sufficient for the purpose.

On January 31, 1984, Maurer and Vlasak executed a promissory note in the amount of $1.2 million, payable to Western Gulf Savings & Loan Association ("Western Gulf"). On August 1, 1984, Western Gulf filed suit to recover the principal and interest due under the terms of the note, no sums having been paid. Vlasak was served with citation and filed a general denial in August of 1984. Maurer received service of citation on October 23, 1984, but filed no response. A substitute trustee sale of the property retained as collateral by Western Gulf was held on January 1, 1985, and the amount of $1,065,000.00 was realized from the sale. On January 4, 1985, the trial court granted a judgment of dismissal without prejudice as to Vlasak, and entered judgment against Maurer for the principal amount of the promissory note, plus accrued interest and attorney's fees. An affidavit in support of a $1,060,-372.77 credit to this judgment was subsequently filed in the district court records by an officer of Western Gulf. The credit reflects the amount realized at the foreclosure sale, minus expenses.

Maurer's timely motion for new trial was denied, following a hearing on March 11,

1985. Attached to the motion were the affidavits of Maurer, Vlasak, and Vlasak's attorney, all of whom testified at that hearing.

Maurer's first point of error contends that the trial court abused its discretion in denying his motion for new trial.

A motion for new trial is addressed to the trial court's discretion, and we will not disturb its ruling in the absence of a showing of an abuse of that discretion. *Neunhoffer v. State*, 440 S.W.2d 395, 397 (Tex. Civ.App.—San Antonio 1969, writ ref'd n.r. e.). The principle that trial courts are to follow in determining whether to grant a new trial is expounded in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939).

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

134 Tex. at 393, 133 S.W.2d at 126.

The motion for new trial must meet every requirement of the *Craddock* test. *Siegler v. Williams*, 658 S.W.2d 236 (Tex. App.—Houston [1st Dist.] 1983, no writ). We need not decide whether Maurer's failure to answer was intentional, or whether the granting of a new trial would harm Western Gulf, because we find Maurer failed to set up a meritorious defense in his motion for new trial.

■ To establish a meritorious defense, the defendant must allege facts that, in law, would constitute a defense to the cause of action asserted by the plaintiff. Those facts must be supported by affidavits or other evidence proving, prima facie, that the defendant has a meritorious defense. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). The facts that constitute the meritorious defense must be pleaded in the motion and established by affidavit or other evidence at the hearing. *In Re T.B.S.*, 601 S.W.2d 539 (Tex.Civ.App.—Tyler 1980, no writ).

■ Maurer alleged, by affidavit, exhibits, and testimony, that he and Vlasak executed the $1.2 million dollar note in reliance upon a commitment by Western Gulf to provide continuing viable financing of the hotel project, and that their default and non-payment of the note was precipitated by Western Gulf's renouncement of this alleged commitment. In support of this defense, Maurer offered two writtencommunications from Western Gulf, and the testimony of himself and Vlasak. Maurer's first exhibit reads as follows:

July 28, 1983

Re: Sheraton Hotel, San Marcos, Texas

Dear Mr. Vlasek [sic],

Based on a review of your loan package, Western Gulf Savings & Loan would like to consider the loan application on the above referenced project, structured on the following basis. Should you find the proposal acceptable, please acknowledge by signing the letter where indicated and WGS & L will process the application subject to customary conditions and participation of the loan with a secondary mortgage investment source. ...

(Specific terms are listed for a loan amount of the lesser of $10,000,000 or 75% of the appraisal.)

*... This letter is not intended to be a commitment and should not be so construed,* rather a statement of WGS & L interest in pursuing your loan proposal based on the terms herein.

Dan Croft
Sr. Vice-President

(Emphasis added.)

Maurer's second exhibit was a memorandum from Western Gulf providing the interest accruals on the $1.2 million "construction" loan as of April 4, 1984.

We find that no evidence of a written commitment by Western Gulf to provide additional financing for the hotel project

was presented to the trial court. The memorandum shows on its face that it relates to the $1.2 million note that is the subject of this lawsuit; the letter signed by Dan Croft affirmatively states that it is not a commitment on the part of Western Gulf.

We also find no evidence of an oral commitment by Western Gulf to Vlasak or Maurer. Maurer testified that he never talked to Western Gulf and "never had anything to do with them." Vlasak, who handled the financing negotiations, did not state that Western Gulf either assured him of continued financing or represented that he and Maurer would not be liable on the $1.2 million note, but merely testified regarding his "assumption" that it would be "rolled over" into a $10 million note.

In determining whether to grant or deny Maurer's motion for new trial, the trial court could consider Maurer's motion and supporting affidavits, and the testimony and exhibits produced at the hearing.

We find no abuse of discretion by the trial court in denying Maurer's motion for new trial, and we overrule his first point of error.

 In his second point of error, Maurer asserts that the trial court erred in entering a default judgment against him because the answer of Vlasak operated as an answer for Maurer.

Maurer bases this contention upon Western Gulf's failure to show that Maurer and Vlasak were jointly and severally obligated on the promissory note. A copy of the note was introduced into evidence at trial, and showed on its face that it had been executed by Vlasak and Maurer as "makers." The rule of construction set out in Tex.Bus. & Com.Code Ann. sec. 3.118(5) (Vernon 1968) governs such an execution of an instrument and states that, unless the instrument otherwise specifies, two or more persons who sign as maker and as a part of the same transaction are jointly and severally liable.

Maurer's second point of error is overruled.

In his final point of error, Maurer alleges that the trial court erred in entering the default judgment and judgments of dismissal as to defendant Vlasak because Maurer was an accommodation party or surety on the promissory note.

Again, this point is without merit because the note clearly shows that Maurer executed it as a "maker." It is presumed that one signs as a co-maker unless the surety relationship between the co-signers appears on the face of the note. *Caldwell v. Stevenson*, 567 S.W.2d 278 (Tex.Civ.App. —Austin 1978, no writ). Maurer presented no evidence to rebut this presumption, and his final point of error is overruled.

The judgment of the trial court is affirmed.